IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>GLENN DAVID NICKOLS,<br><br>             Defendant. | Case No. 22-CR-271-JFH |

**OPINION AND ORDER**

Before the Court is a Second Unopposed Motion to Continue Trial and All Scheduling Order Deadlines ("Motion") filed by Defendant Glenn David Nickols ("Defendant"). Dkt. No. 24. For the reasons set forth below, the Motion is DENIED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Here, Defendant requests additional time "to file any necessary pretrial motions and responses, and to allow defense counsel sufficient time to fully investigate the allegations and to properly prepare a defense." Dkt. No. 24 at 1. This vague statement does not provide the Court with a sufficient record to determine that a continuance is warranted. Rather, this statement is nearly a verbatim recitation of the reasons set forth in Defendant's previous motion for continuance. Defendant has failed to provide specific information about the need for an additional continuance on these same grounds.

The Court reminds the parties that due to the Court's multi-district caseload, scheduling orders are relatively inflexible. In addition, *McGirt* caused unprecedented caseloads and jurisdictional complexities. As Chief Justice Roberts recognized in his *McGirt* dissent, "the share of serious crimes committed by 10%–15% of the 1.8 million people in eastern Oklahoma, or of the 400,000 people in Tulsa, is no small number." 140 S.Ct. at 2501. The practical effect was a one-year increase of nearly 200% in the number of criminal cases filed in the Northern District of Oklahoma and more than 400% in the Eastern District of Oklahoma. *See* U.S. Courts, *Judiciary*

*Supplements Judgeship Request, Prioritizes Courthouse Projects* (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects.[1]  Indeed, the Supreme Court has since recognized the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt*. *Oklahoma v. Castro-Huerta*, 142 S.Ct. 2486, 2492 (2022).  And numerous federal courts have "noted *McGirt*'s tremendous impact." *United States v. Budder*, --- F. Supp. 3d ---, 2022 WL 1948762, at *7 (E.D. Okla. Apr. 29, 2022) (collecting cases).  The Court's local rules and criminal scheduling orders are designed to facilitate orderly litigation amidst these circumstances.

The Court also notes that Defendant did not use the Court's approved speedy trial waiver. Pursuant to this Court's Criminal Guidelines, a speedy trial waiver "*must* be submitted on the Court's CR-06 form." Judge Heil's Criminal Guidelines at § III (emphasis added).

To make matters worse, the parties has failed to file their Joint Status Report regarding the production of discovery as clearly set forth in the Scheduling Order.

Finally, in addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that the requested continuance would subvert the public's interest in the prompt prosecution of criminal matters, if granted. Accordingly, the Court concludes that the ends of justice are not served by granting Defendant's request on the record before the Court.

IT IS THEREFORE ORDERED that the Second Unopposed Motion to Continue Trial and All Scheduling Order Deadlines [Dkt. No. 24] is DENIED.

---

[1] Vacancies on the bench in this District have caused even higher effective caseloads, a situation described more fully in the Court's recent opinion in *United States v. Brashers*, Dkt. No. 32, Case No. 22-CR-145-JFH (N.D. Okla. Sept. 26, 2022).

Dated this 30th day of December 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE