# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-CR-271-JDR** |
| **Glenn David Nickols,**<br>**a/k/a "Buck",** | |
| **Defendant.** | |

### Response to Defendant's Motion for Downward Departure (Dkt. #43)

The United States respectfully urges this Court to deny Defendant Nickols' Motion for Downward Departure (Dkt. #43) because he has failed to meet his burden to show that his state convictions are of the same course of conduct or common scheme plan to his offenses of conviction.

### Argument & Authorities

Defendant requests the court depart downward under U.S.S.G §5G1.3(b) to reduce his sentence to account for time served on a state sentence for Aggravated Possession of Child Pornography and Distributing Obscene Material in Delaware County Case # CF-2021-63. Defendant received two concurrent ten years sentences.

U.S.S.G §5G1.3(b) allows for adjustments of an instant offense sentence to give credit for time served on a state sentence and ordering of the remaining undischarged sentence to be run concurrently, only if that state term of imprisonment meets the

definition of relevant conduct to the instant offense of conviction under subsections (a)(1), (a)(2), or (a)(3) of U.S.S.G. §1B1.3. While not clearly stated, presumably Defendant seeks classification of his state sentence under subsections (a)(1) and (a)(2). These read in pertinent parts defining applicable criteria for relevant conduct: "(1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant… that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. §1B1.3(a)(1).

 "(2) solely with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction". U.S.S.G. §1B1.3(a)(2).

U.S.S.G. §1B1.3, Commentary Note 5(B)(i) defines a common scheme or plan as two offenses "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi".   Commentary Note 5(B)(ii) defines the same course of conduct as two offenses "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses".

For § 5G1.3(b) purposes, the burden to prove that past conduct is relevant is on the defendant. See *United States v. Lopez-Macias*, 661 F.3d 485, 494 (10th Cir. 2011)("[T]he law is well established that 'the defendant shall bear the burden of proof

for sentence decreases.' " (quoting *United States v. Williams*, 374 F.3d 941, 947 (10th Cir. 2004))); *United States v. Nania*, 724 F.3d 824, 833 (7th Cir. 2013)(stating that the defendant "has the burden of showing why his case met the requirements of § 5G1.3(b)"); *United States v. Burch*, 406 F.3d 1027, 1030 (8th Cir. 2005)(stating that a district court did not clearly err by not crediting time served on state convictions "[i]n light of [the defendant]'s failure to present evidence supporting his claim that the conduct underlying his state court convictions was 'relevant conduct' for purposes of section 5G1.3(b)").

Here, Defendant makes no showing as to why his state conviction is related enough to fall within the requirements of U.S.S.G. § 5G1.3(b). On the contrary, Defendant's state and federal convictions are two separate and distinct acts, as they involved different victims, different modus operandi, did not share a linked common purpose with each other, and occurred at different times. His state conviction focuses on using the internet over an extended period of time to obtain numerous files of child pornography depicting dozens of victims other than the child victim in the instant case. Defendant's federal convictions focus on him filming his forcible contact sex offense on a single Indian child victim on several occasions in 2020. The fact that Defendant's state conviction also involves child pornography of different victims is not enough to group it with his federal convictions for production of child pornography and aggravated sexual abuse under the U.S.S.G. §1B1.3 definition of "same course of conduct or common scheme or plan". Mere similarities in offenses are not enough to make them relevant conduct to each other, just in the same way

embezzlement from one bank would not group with the armed robbery of another bank at a different time.

Further underscoring the distinctness between Defendant's state and federal convictions is that fact that at the time his sexual abuse and exploitation of the Indian child victim was discovered, the State of Oklahoma lacked the jurisdiction to charge him with any crime related to those acts as they occurred between the *McGirt* and *Castro-Huerta* decisions. Due to lacking jurisdiction, the State of Oklahoma prosecuted only offenses related to the possession and distribution of child pornography of other victims and referred all offenses concerning the Indian child victim for prosecution by the United States. The United States then opted not to pursue a *Petite Policy* waiver to obtain authorization to for a subsequent federal prosecution for the possession of child pornography charges.

Consequently, the facts and circumstances underlying Defendant's state convictions is not sufficiently relevant conduct to a degree where the two sets of offenses would be grouped under U.S.S.G. §3D1.2(d) and does not warrant a downward departure under U.S.S.G §5G1.3(b).

## Conclusion

Defendant has failed to meet his burden to show how his state conviction is sufficiently relevant conduct to warrant a downward departure to account for his time served in state custody and have his federal sentence run concurrent to the undischarged state term of imprisonment. Accordingly, the United States requests that the Court deny Defendant's Motion for Downward Departure (Dkt. #43).

Respectfully submitted,

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


*/s/ Christopher J. Nassar*
Christopher J. Nassar, OBA No.31167
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## Certificate of Service

I hereby certify that on the 11th day of April, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and notification was sent to the following recipient:

Tina Hunt
*Attorney for Defendant*

/s/ Christopher J. Nassar
Christopher J. Nassar
Assistant United States Attorney